pursuant to CPLR article 78, and petition granted to the extent that respondents are directed to expunge all reference to the parole violation charges in question from petitioner's institutional records. ¶ Petitioner, a State prisoner, commenced this proceeding to expunge references to certain parole violation charges from his institutional records. The charges had been dismissed on the Parole Board's consent because petitioner did not receive a timely final revocation hearing. Special Term denied expungement. We reverse. ¶ At the outset, we note that habeas corpus is not an appropriate vehicle to obtain expungement since petitioner is currently incarcerated on another conviction, unrelated to the one on which he was previously paroled and does not now seek release from custody. Exercising our discretion pursuant to CPLR 103 (subd [c]), we convert it to a CPLR article 78 proceeding. ¶ On the merits, it is clear that the parole violation charges were never established. Since they cannot, therefore, be considered by the Parole Board in the future, expungement is an appropriate remedy (see *Matter of Collins v Hammock,* 52 NY2d 798; *Matter of Mallard v Dalsheim,* 97 AD2d 545, 547; *Matter of Grosvenor v Dalsheim,* 90 AD2d 485; *Matter of Hilton v Dalsheim,* 81 AD2d 887). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

■ In the Matter of JACOB STEIN. — Application by a former attorney for reinstatement to the Bar of the State of New York. Motion denied. Mollen, P. J., Titone, Mangano, Gibbons and Rubin, JJ., concur.

## (June 22, 1984)

■ In the Matter of GEORGE P. GALLAGHER, a Suspended Attorney. — Application by petitioner, a suspended attorney, whose period of suspension has expired, for reinstatement as an attorney and counselor at law. The matter was referred to the Committee on Character and Fitness for the Second Judicial Department to investigate and report. ¶ The committee has submitted its report together with its recommendations. ¶ This court adopts the committee's recommendation. The petitioner George P. Gallagher, originally admitted under the name George P. Gallagher, Jr., is ordered reinstated as an attorney and counselor at law upon presentation of proof of having taken and passed the Professional Responsibility portion of the Multi-State Bar Examination. Upon the submission of said proof, the clerk of this court is directed to restore the petitioner's name to the roll of attorneys and counselors at law, forthwith. Mollen, P. J., Lazer, Mangano, Gibbons and Thompson, JJ., concur.

■ In the Matter of ROBERT WATSON KELSO, a Suspended Attorney. — Application by Robert Watson Kelso, a suspended attorney for reinstatement as an attorney and counselor at law. ¶ The Committee for Character and Fitness for the Second and Eleventh Judicial Districts having submitted its report and recommendation on petitioner's application. ¶ This court adopts the committee's recommendation. ¶ The petitioner, Robert Watson Kelso, is reinstated as an attorney and counselor at law, and the clerk of this court is directed to restore his name to the roll of attorneys and counselors at law, forthwith. Mollen, P. J., Titone, Mangano, Gibbons and Lawrence, JJ., concur.

■ In the Matter of EDWARD PATRICK REARDON, a Suspended Attorney. — Application by petitioner, a suspended attorney, whose period of suspension has expired, for reinstatement as an attorney and counselor at law. The matter was referred to the Committee on Character and Fitness for the Second